Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5110 | **DATE** | 3/10/2004 |
| **CASE TITLE** | US ex rel. Willie Johnson vs. Jerry L. Sternes et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Johnson's petition for writ of habeas corpus is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAR 10 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| SCT | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIE JOHNSON, )
)
Petitioner, )
)
vs. ) 03 C 5110
)
JERRY L. STERNES and LISA MADIGAN, )
)
Respondents. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the petition of Relator Willie Johnson (Johnson) for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied.

### BACKGROUND

Johnson is currently a prisoner at the Dixon Correctional Center in Dixon, Illinois. As such, he is in the custody of Respondent Jerry Sternes, the facility's warden. During his incarceration, Johnson has witnessed his case take a somewhat complex procedural journey, which is described as follows.

After a jury in the Circuit Court of Cook County found Johnson guilty of first degree murder and armed robbery, he was respectively sentenced to forty-eight and six

year prison terms (consecutively imposed) on August 29, 1997. Johnson then appealed his sentences to the Illinois Appellate Court, First District. Johnson's appeal raised the following arguments: (1) his Sixth Amendment right to confrontation was violated when he was prevented from cross-examining a prosecution witness as to potential bias; (2) he was denied his due process rights to a fair trial when the court permitted the jury to view Johnson's mug shot during their deliberations; (3) the trial court erred in denying his motion to suppress certain statements made by Johnson; (4) the prosecution failed to prove beyond a reasonable doubt that Johnson was guilty of armed robbery; (5) Johnson's first degree murder conviction should be modified to felony murder; (6) his sentence is excessive; (7) the trial court erred in imposing consecutive sentences; and (8) Johnson is entitled to pre-trial custody credits on his sentences. On March 11, 1999, the Illinois Appellate Court affirmed Johnson's conviction and sentence. Johnson then filed a Petition for Rehearing with the Illinois Appellate Court, which denied the petition on March 25, 1999.

Johnson next filed a Petition for Leave to Appeal in the Illinois Supreme Court. On December 1, 1999, the Illinois Supreme Court denied the petition and entered a supervisory order vacating the judgement of the Appellate Court and directing it to reconsider its judgement in light of the case People v. Whitney, 188 Ill. 2d 91 (Ill.

1999).[1] Finding that the facts of Whitney were distinguishable from Johnson's case, the Appellate Court again affirmed Johnson's convictions and sentence on February 1, 2001. Johnson next filed a Petition for Rehearing with the Illinois Appellate Court, which denied the petition on May 2, 2001. On May 10, 2001, the Illinois Appellate Court issued a Supplemental Order vacating Johnson's sentence in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent Illinois case law. The Illinois Appellate Court accordingly reduced Johnson's sentence by six years, finding that the sentences for his two convictions should run concurrently instead of the consecutive sentences that had been ordered by the trial court.

On June 7, 2001, the prosecution filed a Petition for Leave to Appeal in the Illinois Supreme Court, challenging Johnson's reduction in sentence. The Illinois Supreme Court denied the prosecution's petition, but on October 25, 2001, again issued a supervisory order compelling the Illinois Appellate Court to reconsider Johnson's sentence reduction in light of People v. Wagener, 196 Ill. 2d 269 (Ill. 2001), and People v. Carney, 196 Ill. 2d 518 (Ill. 2001). On December 26, 2001, the Illinois

---

[1] In Whitney, the Illinois Supreme Court held that the requisite severe bodily injury component of a Class X or Class 1 felony must be inflicted during the commission of that felony and that the defendant's conduct in committing the offense must result in severe bodily injury to the victim of that felony. Whitney 188 Ill. 2d at 98-99.

Appellate Court applied Wagener[2] and reasoned that because Johnson's murder and armed robbery sentences were well within their statutory ranges, his consecutive sentences were constitutional. It accordingly reinstated Johnson's fifty-four year sentence. Johnson then filed a Petition for Leave to Appeal in the Illinois Supreme Court, which was denied on April 3, 2002.

As issues concerning his original sentence were meandering through appellate review, Johnson also sought collateral relief from the trial court. On May 23, 2000, Johnson filed a Petition for Post-Conviction Relief in the Circuit Court of Cook County. Johnson's petition raised the following ineffective assistance of counsel objections to his initial trial: (1) his trial counsel failed to advise Johnson of his right to call witnesses in his own defense; (2) his trial counsel failed to interview or investigate potential witnesses who should have been called to testify; (3) his trial counsel failed to call witnesses that Johnson wanted to testify on his behalf; and (4) his trial counsel refused to allow Johnson to testify himself and did not inform him of his constitutional right to take the witness stand in his own defense. The post-conviction petition was summarily dismissed as frivolous and patently without merit by the Circuit Court on June 9, 2000.

---

[2] Wagener holds that Apprendi concerns are not implicated by consecutive sentencing, and that sentences which run consecutively to each other are not transmuted thereby into a single sentence.

On July 17, 2001, Johnson appealed the Circuit Court's denial of post-conviction relief to the Illinois Appellate Court, First District. The first issue raised was that Johnson's post-conviction petition, alleging that his attorney did not allow him to testify and failed to produce material witnesses, stated the gist of a meritorious claim. The other issue presented for appeal was that the enactment of Illinois Public Act 83-942, which amended the Illinois Post-Conviction Hearing Act ("IPCHA"), 725 ILCS 5/122-2.1,[3] violated the Illinois Constitution. On March 29, 2002, the Illinois Appellate Court held that Johnson's post-conviction petition's contentions that his trial counsel did not inform him of his right to testify and did not allow him to testify did present the "gist" of a meritorious claim. As such, the Appellate Court held that the trial court had improperly summarily dismissed Johnson's petition as without merit and remanded the petition back to the Circuit Court of Cook County.

The prosecution then filed a Petition for Rehearing with the Appellate Court, which was subsequently denied on May 31, 2002. The prosecution next filed a Petition for Leave to Appeal in the Illinois Supreme Court. On October 24, 2002, the Illinois Supreme Court denied the petition and entered a supervisory order directing the Appellate Court to vacate its judgment and reconsider in light of People v. Collins, 202

---

[3] The IPCHA allowed for the trial court to dismiss a petition for post-conviction relief prior to the petitioner being appointed counsel, if the court determined the petition to be frivolous and patently without merit.

Ill. 2d 59 (Ill. 2002).[4] On February 19, 2003, the Appellate Court applied Collins and determined that because Johnson had not supported his post-conviction petition with the requisite affidavits, the trial court's summary dismissal of Johnson's petition was mandatory. The Appellate Court also held that Illinois Public Act 83-942 did not run afoul of the Illinois Constitution, dismissing Johnson's second ground for appealing the denial of post-conviction relief.

Johnson next filed a Petition for Leave to Appeal the Appellate Court's decision on post-conviction review in the Illinois Supreme Court, which denied the petition on June 4, 2003. Johnson then filed a Motion for Leave to File a Motion for Reconsideration in the Illinois Supreme Court, which was denied on October 6, 2003.

On July 2003, Johnson, who is proceeding pro se, filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, on August 11, 2003, we dismissed the petition without prejudice because Johnson's pending state post-conviction review rendered his state claims unexhausted. We did grant Johnson leave to file for reinstatement and to file an amended petition upon the completion of the Illinois appellate review process. On October 29, 2003, we granted Johnson's motion for reinstatement and motion to file an amended petition. Johnson's present petition

---

[4] Collins held that a circuit court must summarily deny a post-conviction petition for failure to comply with a requirement under 725 ILCS 5/122-2, that the defendant attach to his petition affidavits or other evidence that support his allegations.

contains the following claims, all alleging ineffective assistance of trial counsel: (1) Johnson's lawyer used subterfuge to pressure him into a jury trial rather than a bench trial; (2) his lawyer failed to interview and subpoena Glenda Anderson, Derhon Williams, and other witnesses; and (3) Johnson's lawyer should have known that Dr. Gelbort, the psychologist who testified at Johnson's suppression hearing, had an expired license that should have disqualified his evaluation and rendering opinion of Johnson.

Respondent Sternes counters that Johnson's claims are barred by procedural default, and that Johnson's petition must accordingly be denied.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner in state custody may petition a district court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The AEDPA further dictates that a prisoner in state custody cannot be granted habeas relief "unless the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Schaff v. Snyder, 190 F.3d 513, 521 (7th Cir. 1999) (quoting

28 U.S.C. §§ 2254(d)(1) & (2)). For a state court decision to be "contrary to" clearly established Federal law, it must be "substantially different" from relevant Supreme Court precedent. Williams v. Taylor, 529 U.S. 362, 405 (2000). This situation arises if the state court either applies a rule that contradicts the governing law as set forth by the Supreme Court or confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and still arrives at a different result. Id. at 405-06. A state court decision involves an "unreasonable application" of clearly established Supreme Court law when it uses the correct legal rule but applies it in an objectively unreasonable manner. Id. at 409-10. An objectively unreasonable decision is one that lies "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002). With these considerations in mind we now turn to Johnson's petition for writ of habeas corpus.

## DISCUSSION

Before examining the merits of Johnson's petition for writ of habeas corpus, we must first determine whether Johnson has cleared the hurdle of procedural default. Rodriguez v. Peters. 63 F.3d 546, 555 (7th Cir. 1995). The doctrine of procedural default mandates the dismissal of habeas claims in two situations. The first is when the defendant has failed to present a federal constitutional issue to the state court system before raising it in the federal habeas proceedings without showing cause and prejudice

for his failure to do so. Id. This requirement is intended to provide state courts a "'fair opportunity' to consider a question of constitutional import before" the issue is reviewed collaterally by a federal court. Kurzawa v. Jordan, 146 F.3d 435, 441 (7th Cir. 1998) (quotation omitted). The second ground for procedural default occurs when the defendant has presented the constitutional issue to the state court, but the state court declined to address the federal claim because the defendant failed to satisfy an independent state procedural requirement that was adequate to support the state court's judgment. Moore v. Bryant, 295 F.3d 771, 774 (7th Cir. 2002).

Respondent Sternes argues that two of Johnson's ineffective assistance of counsel claims – that his attorney pressured him into a jury trial and that his attorney failed to discover the testifying psychologist's expired license – are procedurally defaulted because they were never raised in the state courts. To set forth a claim of ineffective assistance of counsel, a defendant must identify the specific acts or omissions of his attorney that form the basis of his claim. Momient-El v. DeTella, 118 F.3d 535, 541 (7th Cir. 1997). To survive procedural default, the "specific ground for ineffectiveness raised in the federal petition must have been raised in the state case." Everett v. Barnett, 162 F.3d 498, 502 (7th Cir. 1998). If not, the petitioner must show cause for the failure to raise the issue and prejudice arising from the failure or that the failure to consider the claim will result in a fundamental miscarriage of justice. Id. at

502-03. Even though Johnson did raise the ineffective assistance of counsel claim as early as his petition for post-conviction relief, his claims did not involve issues concerning his attorney's failure to request a bench trial or to investigate his psychologist's credentials. Because Johnson did not raise these issues at any time in state court and because he cannot now show cause for his failure to do so or demonstrate that our refusal to hear his claim will result in a miscarriage of justice, these two grounds of relief are barred by reason of procedural default.

Sternes also contends that Johnson's remaining ineffective assistance of counsel claim, that his trial attorney failed to interview and subpoena certain key witnesses, is procedurally defaulted under the independent and adequate state ground doctrine. As mentioned above, the doctrine dictates that a "federal court will not review a question of federal law decided by a state court if the decision of the state court rests on a state procedural ground that is independent of the federal question and adequate to support the judgement." Moore, 295 F.3d at 774. This doctrine will only bar habeas review if the state court actually relied on its procedural rule as an independent basis for its decision. Id. Johnson first advanced claims concerning his lawyer's failure to interview and subpoena certain witnesses in his petition for post-conviction relief, filed in the Circuit Court of Cook County. These claims were summarily dismissed by the

Circuit Court. However, we must look to the decision of the last state court to which Johnson's claims were presented. Id.

That decision would be the Illinois Appellate Court's ruling[5] that by not attaching the requisite affidavits Johnson's post-conviction was procedurally barred under Collins and the IPCHA, 725 ILCS 5/122-2, and as such, it was precluded from hearing the merits of Johnson's petition, including his ineffective assistance of counsel claims. We find that the Illinois Appellate Court's decision not to hear the merits of Johnson's claims, relying on Collins and the IPCHA, was a proper ruling based on an independent Illinois procedural requirement. Johnson cannot demonstrate good cause for his failure to comply with the IPCHA nor prejudice arising from his failure to do so. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977). Johnson also does not argue, nor do we find, that our decision not to hear his claims would result in a "fundamental miscarriage of justice." Schlup v. Delo, 513 U.S. 298, 299 (1995).[6] As such, Johnson's remaining ineffective assistance of counsel claim must also be dismissed as barred by procedural default.

---

[5] Or in the alternative the Illinois Supreme Court's decision not to review that ruling.

[6] In fact, Johnson does not address Sternes' procedural default arguments whatsoever.

-11-

## CONCLUSION

Based on the foregoing analysis, Johnson's petition for writ of habeas corpus is denied.

/s/ Charles P. Kocoras
Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 1 0 2004