# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5110 | **DATE** | 4/19/2004 |
| **CASE TITLE** | Johnson vs. Sternes et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Johnson's application (Doc 25-1) for a certificate of appealability is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 2 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 21 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 03 C 5110 |
| ) | |
| JERRY L. STERNES and LISA MADIGAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on Willie Johnson's ("Johnson") application for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). For the reasons set forth below, the application is denied.

## BACKGROUND

The factual background for this case can be found in our prior opinion of U.S. ex rel. Johnson v. Sternes, 2004 WL 527117 (N.D. Ill. 2004). In that decision, we denied Johnson's petition, brought under 28 U.S.C. § 2254, for writ of habeas corpus. Johnson now wishes to appeal certain issues from that decision, but appellate proceedings cannot commence without a certificate of appealability either from this

court or from a circuit judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. Proc. 22(b).

## DISCUSSION

A court may issue a certificate of appealability for a decision denying a 28 U.S.C. § 2254 petition for writ of habeas corpus "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make this showing, the applicant must demonstrate "that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. U.S., 230 F.3d 1041, 1047 (7th Cir. 2000).

Johnson seeks his certificate of appealability on the following six grounds: (1) The appellate court erred in upholding the imposition of mandatory consecutive sentences; (2) the trial court erred in the imposition of consecutive sentences; (3) the Illinois courts erred in upholding Johnson's first degree murder and armed robbery convictions; (4) the trial court erred in admitting Johnson's mug-shot into evidence; (5) the Illinois courts improperly dismissed Johnson's post conviction petition; and (6) ineffective assistance of counsel. However, because Johnson's habeas petition under 28 U.S.C. § 2254 contained only ineffective assistance of counsel claims, the

first five grounds he presently cites for relief have been waived for appeal, as they were not earlier raised before this court. See Schoenfeld v. Apfel, 237 F.3d 788, 793 (7th Cir. 2001); Ehrhart v. Secretary of Health and Human Serv., 969 F.2d 534, 537, n.4 (7th Cir. 1992); U.S. v. Andreas, 150 F.3d 766, 769 (7th Cir. 1998).

The remaining ineffective assistance of counsel claim raises the identical three issues that Johnson presented in his 2254 petition: (1) His trial counsel used subterfuge in pressuring him into taking a jury trial; (2) his trial counsel failed to subpoena and interview key witnesses; and (3) his trial counsel should have known that Johnson's testifying clinical psychologist's license was expired. Our March 10, 2004, Memorandum Opinion squarely dismissed these three claims as barred under the doctrine of procedural default. As Johnson makes no argument why another court would reach a different conclusion, we find that these reinstated claims are insufficient to merit certification to the appellate court under the Rutledge standard.

## CONCLUSION

For the reasons set forth above, Johnson's application for a certificate of appealability is denied.

*Charles P. Kocoras*
Charles P. Kocoras
Chief Judge
United States District Court

Dated: APR 19 2004